UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

REPUBLIC BANK OF CHICAGO,

    Plaintiff,

v.

COMER GROUP, INC., et al.,

    Defendants.

Civil No. 21-13185

**ORDER**

**HILLMAN, District Judge**

WHEREAS, on July 8, 2021, Plaintiff filed an Amended Complaint against Comer Group, Inc. ("Corporate Defendant") Daniel E. Comer, and Jennifer S. Comer (collectively the "Individual Defendants")(collectively "Defendants")(ECF No. 5); and

WHEREAS, on August 9, 2021, Plaintiff requested the Clerk of Court enter default against the Defendants, which the Clerk of Court granted on August 10, 2021 (ECF No. 7); and

WHEREAS, on August 17, 2021, Plaintiff filed the present Motion for Default Judgment against the Defendants, which failed to include a supporting brief and instead filed a statement in lieu of brief (ECF No. 8); and

WHEREAS, on August 21, 2021, Plaintiff filed a "Suggestion of Bankruptcy" as to the Individual Defendants Daniel E. Comer and Jennifer S. Comer, in which it suggests that this matter

1

"not proceed against Defendants Daniel E. Comer and Jennifer S. Comer only until further order of the Bankruptcy Court." (ECF No. 9); and

WHEREAS, the Court construes the filed Suggestion of Bankruptcy as a withdrawal of Plaintiff's Motion for Default Judgment against the Individual Defendants; and

WHEREAS, with regard to the Corporate Defendant the Court notes there are various factors that Plaintiff must address in support of its motion for default judgment, which are necessary for the Court to determine whether it may grant default judgment.  "Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether default judgment is proper."  Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co., No. 11-7137, 2012 U.S. Dist. LEXIS 102652, at *4 (D.N.J. July 24, 2012) (internal citations omitted).  To determine whether granting default judgment is proper, the Court must make factual findings as to: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default."  Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987)).  Accordingly,

the Court finds Plaintiff's statement in lieu of brief is insufficient to grant Plaintiff's Motion for Default Judgment. For this reason, the Court will deny without prejudice Plaintiff's Motion for Default Judgment and Plaintiff, if it wishes, may refile a motion for default judgment and such motion shall include a brief addressing the factors the Court must consider prior to entering default judgment against any Defendant;

    THEREFORE,

    IT IS on this 8th day of October, 2021

    ORDERED that Plaintiff's Motion for Default Judgment, ECF No. 8, with regard to the Individual Defendants, be marked on the docket by the Clerk as WITHDRAWN; and it is further

    ORDERED that Plaintiff's Motion for Default Judgment, ECF No. 8, with regard to the Corporate Defendant, be and the same hereby is, DENIED WITHOUT PREJUDICE; and it is further

    ORDERED that Plaintiff may refile a motion for default judgment against any Defendant properly subject to such motion and such motion shall include a brief addressing the factors that are necessary for the Court to consider prior to entering default judgment against any Defendant.

At Camden, New Jersey

                                     s/ Noel L. Hillman
                                     NOEL L. HILLMAN, U.S.D.J.