UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

REPUBLIC BANK OF CHICAGO,

        Plaintiff,

v.

COMER GROUP, INC., et al.,

        Defendants.

Civil No. 21-13185 (NLH/MJS)

**OPINION**

**APPEARANCES:**

SAMANTHA GREEN
SKIDOFF, PINCUS & GREEN, P.C.
1101 MARKET STREET
2700 ARAMARK TOWER
PHILADELPHIA, PA 19107
    On behalf of Plaintiff

No appearances were entered on behalf of Defendants

**HILLMAN**, District Judge

    Pending before the Court is Plaintiff Republic Bank of Chicago's ("Republic") Motion for Default Judgment [Docket Number 11] against Defendant Comer Group, Inc. ("Comer Group"). For the reasons that follow, the Motion for Default Judgment will be granted and Judgment will be entered.

**I.   Factual and Procedural History**

    Plaintiff's July 8, 2021 Amended Complaint pleads as

follows.  On or about October 2, 2017, the Comer Group and Defendant Daniel E. Comer (collectively "Borrowers") took out a loan in the amount of $375,000 (the "Loan") from Republic.  The Borrowers then executed a promissory note in the original principal amount of $375,000 (the "Note").  On or about October 13, 2020, the Borrowers defaulted on the Note by, at minimum, failing to make the full October 2020 payment and all subsequent payments due under the Note.  On November 19, 2020, Republic sent Defendants written notice of the default, demanding payment of all accelerated amounts due under the Loan.

On July 1, 2021, Republic initiated the instant action alleging three counts of breach of contract against Defendants the Comer Group, Daniel E. Comer, and Jennifer S. Comer.[1]  Republic filed an amended complaint on July 8, 2021, which notes that, as of July 1, 2020, Defendants owed Republic $231,130.87 in principle, $298.18 in interests, plus attorneys' fees and other applicable charges/penalties.  On July 26, 2021, Republic

---

[1] The Complaint also asserts facts regarding a security agreement and a commercial guarantee.  However, details regarding these allegations are omitted because only the Note and Loan are at issue.  Specifically, Republic's first and second counts allege breach of contract claims against Comer Group and Daniel E. Comer, while the third count concerns an alleged breach of contract claim against Jennifer Comer regarding the guarantee.  As the instant motion only concerns Comer Group, the Court's ruling is thus tailored to those facts relevant to the first and second counts.

filed proof of service for the Amended Complaint. Defendants failed to ever file an answer or response to the Complaint and the Amended Complaint.

On August 9, 2021, Plaintiff requested that the Clerk of Court enter default against the Defendants, which the Clerk granted on August 10, 2021. On August 17, 2021, Republic filed its first motion for default judgment against all Defendants. This first motion did not include a supporting brief. On August 21, 2021, Republic filed a "Suggestion of Bankruptcy" regarding Daniel E. Comer and Jennifer S. Comer, suggesting that the case "not proceed against Defendants Daniel E. Comer and Jennifer S. Comer only until further order of the Bankruptcy Court."

On October 8, 2021, the Court issued an Order, construing the Suggestion of Bankruptcy as Republic withdrawing its first motion for default judgment against the individual Defendants Daniel E. Comer and Jennifer S. Comer. The Order also denied without prejudice the first motion for default judgment as it concerned the corporate Defendant the Comer Group. The Court afforded Republic the opportunity to refile a motion for default judgment, requiring Republic to submit a brief addressing the factors that are necessary for the Court to consider prior to entering default judgment against any Defendant.

On October 15, 2021, Republic filed the instant motion for default judgment.

3

## II. Jurisdiction

This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are diverse and the amount in controversy is in excess of $75,000, exclusive of interest and costs. Plaintiff's Amended Complaint pleads that Plaintiff is a corporation incorporated under the laws of the State of Illinois with its principal place of business in Illinois. The Amended Complaint pleads that Defendant Comer Group is a corporation incorporated under the laws of the State of New Jersey with its principal place of business in New Jersey. The Amended Complaint also pleads that Daniel E. Comer and Jennifer S. Comer are both individuals and citizens of the State of New Jersey.

## III. Standard for Default Judgment

"Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and we repeatedly state our preference that cases be disposed of on the merits whenever practicable.'" Id. (quoting Hritz v.

4

Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984)).

"Although the Court should accept as true the well-pleaded allegations of the Complaint, the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." Id. at 535-36 (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). "Consequently, before granting a default judgment, the Court must first ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" Id. at 536 (quoting Asher, 2006 WL 680533, at *1).

Once a valid claim has been asserted, "[t]hree factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.85 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)).

**IV. Analysis**

As an initial matter, the Court must determine that Plaintiff has asserted a legitimate cause of action. Only then does the Court assess the controlling factors regarding default

5

judgment.

"To state a claim for breach of contract under Illinois law, a party must allege '(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) the resultant damages.'" Hongbo Han v. United Cont'l Holdings, Inc., 762 F.3d 598, 600 (7th Cir. 2014) (quoting Reger Dev., LLC v. Nat'l City Bank, 592 F.3d 759, 764 (7th Cir.2010)).[2]  The Court finds Republic has asserted a legitimate breach of contract claim.

Republic pleaded a valid contract in stating the parties entered into the Agreement pursuant to which Republic lent Defendants $375,000.  Thereby all conditions precedent to this action have been performed or have occurred.  The Amended Complaint also states that Comer Group was in default in payments, thus constituting a breach.  Finally, the Amended Complaint asserts damages of at least $231,130.87 plus interest, attorneys' fees, and other applicable charges/penalties.  The Court finds this constitutes a legitimate breach of contract claim.  Accordingly, the Court moves on to additional factors that govern granting a motion for default judgment.

---

[2]   Both the Loan and the Note state that they are to "governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Illinois." The Court decerns no basis to disturb the parties' choice of law agreement.

As concerns the second two factors – whether the Defendant appears to have a litigable defense and whether the defendant's delay is due to culpable conduct – the Court finds that because the Comer Group was properly served but has failed to appear in this action, it is unknown whether the Comer Group has a meritorious defense to Republic's claims, and the inference is that the Comer Group's default was the result of its own culpable misconduct.

With regard to the first factor – prejudice to the plaintiff if default is denied – "[a] plaintiff will be prejudiced absent a default judgment where, due to the defendant's continued failure to respond to plaintiff's claims, the plaintiff is left with no other recourse." Id. at *8 (citing Ford v. Consigned Debts & Collections, Inc., No. 09-3102, 2010 WL 5392643, at *4 (D.N.J. Dec. 21, 2010)).  The Court finds Republic will be prejudiced if default judgment is not entered against the Comer Group.

The Court thus finds all three factors support granting Republic's Motion for Default Judgment.  Further, the Court finds Republic has provided competent documentation, through the production of the underlying Note and Loan Agreements, the Certification of Samantha F. Green, Esq., the Affidavit of Christopher A. Martorelli, Republic's Vice President / Portfolio Manager, and an itemized statement prepared by Republic setting

7

forth the amount due and owing from the Comer Group to support its demand of $227,641.52.³  Accordingly, Plaintiff's Motion for Default Judgment will be granted, and judgment will be entered in the amount of $227,641.52.

For the above stated reasons, Republic's Motion for Default Judgment will be granted.  An Order consistent with this Opinion will be entered.


At Camden, New Jersey                      s/ Noel L. Hillman
                                           NOEL L. HILLMAN, U.S.D.J.

---

³   Republic's submissions note that, as of November 15, 2021, the outstanding principal balance was $208,810.62.  In reaching the total amount due of $227,641.52, Republic notes that the following amounts are also due: (1) Interest in the amount of $1,471.77; (2) Attorneys' Fees in the amount of $11,582.23; and (3) a 2% Prepayment Penalty in the amount of $5,776.90.  Although Republic failed to explain the basis for these amounts, it is clear to the Court that the amounts due are pursuant to the terms of the Note agreement, which includes clauses concerning a prepayment penalty, interest, and attorneys' fees and expenses.